*65 OPINION OF THE COURT
Memorandum.
Judgment reversed without costs and matter remanded to the court below for a new trial.
In this small claims action, plaintiff sought to recover damages for defects in a used car which he purchased from defendant. Specifically, he claimed that a flashing data communication link light was never fixed. During the course of his testimony, plaintiff stated that he had previously participated in the Attorney General’s Used Car Lemon Law Arbitration Program (see General Business Law § 198-b), wherein he unsuccessfully sought relief for the malfunctioning light. The arbitrator’s decision concluded that plaintiff did not qualify for relief under the statute.
Contrary to the trial court’s determination, one’s participation in the Attorney General’s Used Car Lemon Law Arbitration Program does not necessarily preclude a consumer from commencing a subsequent action, provided that the same relief is not sought in the litigation (see Williams v Planet Motor Car, 190 Misc 2d 22 [2001]). Indeed, the Used Car Lemon Law itself provides that “[n]othing in this section shall in any way limit the rights or remedies which are otherwise available to a consumer under any other law” (see General Business Law § 198-b [d] [2]). The trial court therefore erred in dismissing the action without affording plaintiff an opportunity to seek relief under alternative causes of action, including breach of express warranty (UCC 2-313) or breach of implied warranty (UCC 2-314). Because the court in effect prevented plaintiff from fully presenting his claim and from cross-examining the defense witness, we are unable to conclusively determine from the record whether plaintiff in fact had a valid cause of action under any alternative theory. Accordingly, in our opinion, substantial justice would best be served by granting plaintiff a new trial.
Rudolph, EJ., McCabe and Tanenbaum, JJ., concur.